**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ASHLEY PUGH AND DANIEL PUGH, INDIVIDUALLY, AND AS PARENTS AND NATURAL GUARDIANS OF SEAN PUGH, A MINOR, | : : : : | |
| | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | No. 20-CV-0630 |
| v. | : | |
| | : | U.S. Magistrate Judge Rice |
| COMMUNITY HEALTH SYSTEMS, INC., ET AL, | : : | |
| | : | |
| Defendants. | : | |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2021, upon consideration of Plaintiffs' Motion for Sanctions Against Defendants Northampton Hospital Company and Northampton Clinic Company, and any response thereto, it is hereby **ORDERED** that the Motion is **GRANTED**. Defendants are sanctioned pursuant to F.R.C.P. 37(b)(2) as follows:

(i) Plaintiffs' allegations of an undue delay in delivering Baby Boy Sean are established for purposes of this litigation and at trial;

(ii) Defendants are precluded from opposing the Plaintiffs' allegations of undue delay;

(iii) Plaintiffs' allegations that the undue delay in the delivery of Baby Boy Sean was a proximate cause of his injuries are established for purposes of this litigation and at trial; and

(iv) Defendants shall, within ten (10) days, pay $500.00 in attorneys' fees to Plaintiffs' counsel for costs and fees related to filing the instant motion.

BY THE COURT:

_____
                                    J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ASHLEY PUGH AND DANIEL PUGH, | : | |
| INDIVIDUALLY, AND AS PARENTS | : | |
| AND NATURAL GUARDIANS OF | : | |
| SEAN PUGH, A MINOR, | : | |
| | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | No. 20-CV-0630 |
| v. | : | |
| | : | U.S. Magistrate Judge Rice |
| COMMUNITY HEALTH SYSTEMS, | : | |
| INC., ET AL, | : | |
| | : | |
| Defendants. | : | |

### PLAINTIFFS' MOTION FOR SANCTIONS PURSUANT TO F.R.C.P. 37(b)(2) AGAINST DEFENDANTS NORTHAMPTON HOSPITAL COMPANY AND NORTHAMPTON CLINIC COMPANY

### A.    RELEVANT BACKGROUND

1.    On February 3, 2020, Plaintiffs filed a Civil Action Complaint alleging various acts of medical malpractice stemming from Plaintiff-mother's admission to Easton Hospital for labor and delivery of Plaintiffs' first child.  *See* Complaint, incorporated herein by reference.

2.    Plaintiffs allege, *inter alia*, that Defendants were negligent in creating *an hours long, needless delay* of the delivery of Baby Boy Sean on January 23, 2014, with the result that he was born in distress with severe asphyxia, with no detectable heartbeat for twenty (20) minutes, and no first gasp.   MRI imaging revealed brain, liver, and kidney damage, and hypoxic ischemic injury.   As a result of Defendants' delay in assembling and/or failure to assemble an OR team and/or delay in calling for a caesarian section on January 23, 2014, Sean has cognitive impairment, developmental delay, and moderate autism.

### B.    DISCOVERY

3.    The discovery deadline is March 29, 2021.

4.     On April 22, 2020, Plaintiffs propounded discovery upon all Defendants.

5.     On June 4, 2020, Plaintiff received responses from Defendants Northampton Hospital Company and Northampton Clinic Company, which were partially deficient.

6.     On July 30, 2020, based on the information provided (and not provided) in Defendants' discovery responses, Plaintiffs propounded a second set of discovery to Defendants, consisting of seventeen (17) additional interrogatories and thirteen (13) document requests. *See* Exhibit "1."

7.     Largely, the second set of discovery focused on how, when, and by whom an OR team was requested and/or formed.  It also requested Sentinel Event and Joint Commission documents. *Id*.

8.     That same date, Plaintiffs sent a ten (10) day deficiency letter to the attorneys for Defendants Northampton Hospital Company and Northampton Clinic Company relating to their responses to the first set of discovery (both Defendants are represented by Howard Stevens, Esq. and Michael Blum, Esq.).

9.     After ten (10) days had elapsed and after the second set of discovery responses were overdue, Plaintiffs contacted defense counsel again in an effort to secure the responses.  *See* Exhibit "2," attached.

10.     After receiving no response to the email, and after waiting a week for a reply, Plaintiffs drafted a Motion to Compel Discovery, which was granted by the Court on September 17, 2020.  *See* Order, Exhibit "3," attached.

11.     The Order directed Defendants to respond to the outstanding discovery requests by November 2, 2020, and further directed, if applicable, that Defendants certify their inability to obtain said documents and/or to produce a privilege log by this date. *Id*.

12.     Having received nothing from Defendants since the entry of the aforementioned Order, Plaintiffs contacted defense counsel again on December 23, 2020.  *See* Exhibit "4," attached.

13.     Defense counsel responded that St. Luke's, "present owner of the hospital facility, claims they have no ability to obtain the documents requested." *Id.*

14.     Plaintiffs are seeking highly relevant information, aimed at discerning who was working during the critical hours leading up to the delivery of Baby Boy Sean, as well as identifying any staff shortages or delays that resulted in the unnecessary delay in the delivery of Baby Boy Sean.

15.     At the time of Mrs. Pugh's admission, the Pughs personally observed a lengthy delay in the time between Mrs. Pugh's request for a caesarian section and the time in which Dr. Sabouni completed the delivery (vaginally, as no OR team ever arrived).   It appears that insufficient staff was available and/or responsive to any request for caesarian section surgery.

16.     To that end, in their initial discovery requests, Plaintiffs sought timesheets, schedules, and time records of the persons working from January 22 through the 24th along with policies and procedures relating to staffing levels and response times for surgery.   Documents about staff shortages, disciplinary actions, incident reports and other documentation about any medical review of Plaintiffs' course of care were also requested.

17.     Later, in the Second Request for Production of Documents, Plaintiffs sought all documents showing "all steps taken to assemble an OR team for Mrs. Pugh's caesarian section," documents showing when members of the team were contacted, and when/if they arrived, and all policies and procedures relating to the assembly of a team and the time frame by which they were to respond, including documentation of why any person(s) failed to timely respond, as this appears

to be the only logical explanation for the total lack of response of an OR team to Mrs. Pugh's room. Exhibit "1."

18.    In addition, all Joint Commission documents from 2008 to the present were requested, including those that related to Mrs. Pugh's January 2014 admission.

19.    The Second Set of Interrogatories tracked the areas of inquiry listed above, inquiring about the times individuals were contacted to respond for surgery and the times they responded, etc. *Id*.

20.    Given the variety of laws/rules that require the retention of records, it defies logic that Defendants were unable to produce a single responsive document since they were ordered to do so in September, especially as the events surrounding this litigation meet the Hospital's definition of a Sentinel Event.

21.    Moreover, even to the extent that some of the requested documents may not exist, there is no excuse for Defendants' blatant failure to certify the lack of documentation and/or produce a privilege log, as Judge Rice ordered.

**C.    REQUESTED RELIEF**

22.    The information sought in discovery is essential to Plaintiffs' preparation of their case and bears directly upon the issues raised in the Complaint.

23.    Defendants are in willful contempt of the Court's Order, which directed them to provide: a) the discovery; b) certification of inability to procure the documentation; and/or 3) a privilege log, no later than November 2, 2020.

24.    Federal Rule of Civil Procedure 37(b)(2) permits sanctions for such failure to comply.

25.    Such sanctions include:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

….

(C) *Payment of Expenses.* Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

26.    Plaintiffs seek the following relief:

(i) an Order directing that Plaintiffs' allegations of an undue delay in delivering Baby Boy Sean be established for purposes of this litigation;

(ii)  an Order precluding Defendants from opposing the Plaintiffs' allegations of undue delay;

(iii) an Order establishing, for purposes of this litigation, that the undue delay in delivery was a proximate cause of the injuries to Baby Boy Sean; and

(iv) payment of $500.00 in attorneys' fees for Plaintiffs' counsels' filing of the instant motion.

WHEREFORE, Plaintiffs respectfully request that this Court grant Plaintiffs' proposed relief, as set forth in the proposed Order.

**VILLARI, LENTZ & LYNAM, LLC**

*/s/ Thomas A. Lynam, III*

THOMAS A. LYNAM, III, ESQUIRE
LEONARD G. VILLARI, ESQUIRE
100 North 20th Street, Ste. 302
Philadelphia, PA 19103
tlynam@vll-law.com / lgvillari@aol.com
*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ASHLEY PUGH AND DANIEL PUGH, | : | |
| INDIVIDUALLY, AND AS PARENTS | : | |
| AND NATURAL GUARDIANS OF | : | |
| SEAN PUGH, A MINOR, | : | |
| | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | No. 20-CV-0630 |
| v. | : | |
| | : | U.S. Magistrate Judge Rice |
| COMMUNITY HEALTH SYSTEMS, | : | |
| INC., ET AL, | : | |
| | : | |
| Defendants. | : | |

## ATTORNEY CERTIFICATION OF GOOD FAITH

The undersigned counsel for movants hereby certifies and attests that:

 x a)     he or she has had the contacts described below with opposing counsel regarding the discovery matter contained in the foregoing discovery motion in an effort to resolve the specific discovery dispute(s) at issue and, further, that despite all counsel's good faith attempts to resolve the dispute(s), counsel have been unable to do so.

 x b)     he or she has made good faith but unsuccessful efforts described below to contact opposing counsel in an effort to resolve the discovery dispute.

*See* enclosed motion and exhibits.

**CERTIFIED TO THE COURT BY:**

Date: 12/28/20               /s/  *Thomas A. Lynam, III, Esq.*
                             Counsel for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ASHLEY PUGH AND DANIEL PUGH, | : | |
| INDIVIDUALLY, AND AS PARENTS | : | |
| AND NATURAL GUARDIANS OF | : | |
| SEAN PUGH, A MINOR, | : | |
| | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | No. 20-CV-0630 |
| v. | : | |
| | : | U.S. Magistrate Judge Rice |
| COMMUNITY HEALTH SYSTEMS, | : | |
| INC., ET AL, | : | |
| | : | |
| Defendants. | : | |

## <u>CERTIFICATE OF SERVICE</u>

I, Thomas A. Lynam, III, Esquire, hereby certify that, on the date noted below, I am

serving within Motion upon all counsel of record *via* electronic filing.

**VILLARI, LENTZ & LYNAM, LLC**

_/s/ Thomas A. Lynam, III_

Thomas A. Lynam, III Esquire
Leonard G. Villari, Esquire
Attorneys for Plaintiff
100 N. 20th Street, Suite 302
Philadelphia, PA 19103
215-568-1990

Date: December 28, 2020