# EXHIBIT "1"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ASHLEY PUGH AND DANIEL PUGH, Individually and as Parents and Natural Guardians of SEAN PUGH, A Minor, | : : : : | |
| Plaintiff, | : : | |
| v. | : : | |
| COMMUNITY HEALTH SYSTEMS, INC. D/B/A EASTON HOSPITAL, NORTHAMPTON HOSPITAL COMPANY, LLC D/B/A EASTON HOSPITAL, STEWARD EASTON HOSPITAL, INC. D/B/A EASTON HOSPITAL, STEWARD HEALTH CARE SYSTEM, LLC D/B/A STEWARD EASTON HOSPITAL and STEWARD MEDICAL GROUP, INC. and EASTON HOSPITAL, NORTHAMPTON CLINIC COMPANY, LLC D/B/A EASTON AREA OBSTETRICS & GYNECOLOGY ASSOCIATES, STEWARD MEDICAL GROUP, INC. D/B/A EASTON AREA OBSTETRICS & GYNECOLOGY ASSOCIATES AND DOUHA SABOUNI, M.D., | : : : : : : : : : : : : : : : : : | DOCKET NO.: 20-CV-0630<br><br>JURY TRIAL DEMANDED |
| Defendants. | : : | |

**PLAINTIFFS' SECOND SET OF INTERROGATORIES DIRECTED TO DEFENDANTS NORTHAMPTON HOSPITAL COMPANY, LLC AND NORTHAMPTON CLINIC COMPANY, LLC**

Plaintiffs serve the within Interrogatories on Defendant and makes demand on said Defendant to answer the same under oath within thirty (30) days. These Interrogatories shall be deemed to be continuing so as to require Supplemental Answers if you obtain further or different information between the time the answers hereto are filed and the time of trial.

The definitions set forth in Plaintiffs' First Document Requests are applicable herein.

**INTERROGATORIES***:*

1.  What time did each member of the OR team requested for Mrs. Pugh's caesarian section arrive at the Hospital?  In your response, identify all documentation that supports your response to this interrogatory.

2.   Identify the people who comprised the OR team by name and title/role.  In your response, identify all documentation that supports your response to this interrogatory.

3.   Please state:

(a) the order in which each of the aforementioned individuals arrived;

(b) the time each of the aforementioned individuals arrived (as it is assumed that each member of the OR team did not arrive simultaneously).

4.  As to Defendant's policies and procedures in 2014, explain the specific process by which an OR team is assembled after a physician calls for a caesarian section and include any documentation (such as policies) that set forth this information.

5.  With respect to the preceding interrogatory, identify the specific individuals involved in said process on this particular occasion.

6.  Identify all individuals by name, job title/position, and employer, who were contacted (whether successful contact was made or not) to be part of the OR team for the caesarian section called by Dr. Sabouni on the evening of January 23, 2014.

7.  Identify all individual(s) by name, job title/position, and employer, who made and/or attempted to make said contact, and the phone line(s) used by said individual(s) to do so.

8.  With respect to all individual(s) contacted (whether successfully or not) to be part of the OR team for Ashley Pugh's caesarian section, identify the following:

(a) Where and on what type of device each person was contacted (e.g. whether said person was within Easton Hospital's walls when called upon, at home, paged, or contacted on their cellular telephone, etc.);

(b) If more than one call or page was made to any particular person before contact was successful, state the times of each attempt and successful attempt;

(c) State the precise time each person arrived at the hospital in response to said call;

(d) State the time frame by which each person is required to arrive at the hospital after receiving a call, citing the applicable rule/policy/procedure that governs said time;

(e) Identify all persons who were not successfully contacted by name and job title;

(f) Whether more than one anesthesiologist was called or paged with reference to Ashley Pugh.

9.   Describe and identify all records and documents which show the times each person referred to in the preceding interrogatories was contacted <u>and</u> the records and documents which show the times each person arrived at the hospital in response to the call.

10.  If there were any unsuccessful attempts at contact with any of the individuals referenced above, state the reasons given by said individuals for the reason(s) they could not be reached.  Identify the documents and records documenting the unsuccessful attempts at contact (and any reason therefor) and produce a copy with your response.

11.  Identify all doctors, nurses, and staff that were on call for all or part of the time frame of 7:00 PM through 11:00 PM on January 23, 2014.

12.  Identify all doctors, nurses, and staff that were physically present in the hospital on the labor and delivery floor on January 23, 2014 from the hours of 6:00 PM through midnight (indicating the hours they were physically present within that time frame, if not present for that entire six-hour period).

13.  Is Easton Hospital accredited by the Joint Commission on Accreditation of Hospitals?  If yes, state the date accreditation was first received.

14.  State any and all dates a JCAH team has inspected the hospital.

15.  State any restrictions or limitations placed on any said accreditation, the inclusive dates of same, the nature of the limitations or restrictions, and the reasons therefor, for the past ten (10) years to the present.

16.  What violations, if any, of the standards of the JCAH have been found at a JCAH team on each of its visits and what suggestions for improvement have been made at each such visit?

17.  State the name, title, and position of the person(s) who has custody of each report made by Defendant Hospital by any inspecting team of the JCAH.


**VILLARI, LENTZ & LYNAM, LLC**

 */s/ Leonard G. Villari*

LEONARD G. VILLARI, ESQUIRE
THOMAS A. LYNAM, III, ESQUIRE
Attorney I.D. Nos.: 68844/83817
100 North 20th Street, Suite 302
Philadelphia, PA 19103
(215) 568-1990
*Attorneys for Plaintiffs*

Date: July 30, 2020

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ASHLEY PUGH AND DANIEL PUGH, Individually and as Parents and Natural Guardians of SEAN PUGH, A Minor, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| COMMUNITY HEALTH SYSTEMS, INC. D/B/A EASTON HOSPITAL, NORTHAMPTON HOSPITAL COMPANY, LLC D/B/A EASTON HOSPITAL, STEWARD EASTON HOSPITAL, INC. D/B/A EASTON HOSPITAL, STEWARD HEALTH CARE SYSTEM, LLC D/B/A STEWARD EASTON HOSPITAL and STEWARD MEDICAL GROUP, INC. and EASTON HOSPITAL, NORTHAMPTON CLINIC COMPANY, LLC D/B/A EASTON AREA OBSTETRICS & GYNECOLOGY ASSOCIATES, STEWARD MEDICAL GROUP, INC. D/B/A EASTON AREA OBSTETRICS & GYNECOLOGY ASSOCIATES AND DOUHA SABOUNI, M.D., | : : : : : : : : : : : : : : : : : | DOCKET NO.: 20-CV-0630  JURY TRIAL DEMANDED |
| | : | |
| Defendants. | : | |
| | : | |

**PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANTS NORTHAMPTON HOSPITAL COMPANY, LLC AND NORTHAMPTON CLINIC COMPANY, LLC**

    1. All documents and records that relate to Plaintiffs' Second Set of Interrogatories and/or which contained the facts upon which you base your responses to said interrogatories.

    2. All documents and records showing all steps taken to assemble an OR team for Mrs. Pugh's caesarian section.

3.  All documents and records showing the times OR team members, the anesthesiologist, and all other providers were contacted for the purpose of forming an OR team to perform a caesarian section, and the methods by which they were contacted.

4.  All documents and records showing the times at which the aforementioned providers (e.g., members of the OR team) arrived at the hospital.

5.  Policies, procedures, and protocols relating to assembling a team to perform a caesarian section, including how such teams are assembled and who is to make communication in order to effectuate assembly of a team, and the types of providers that must comprise such a team.

6.  Policies, procedures, and protocols setting forth the time frame by which on call providers are to respond to calls/pages to report for surgery.  The term "respond" means both the time in which they must answer a phone call, page, or other means of communication from the Hospital, and also means the time frame by which they must physically arrive at the designated hospital/location for the procedure/surgery.

7.  Policies, procedures, and protocols setting forth the time frame by which an OR team is to be assembled once requested/called for, and any policies, procedures, and protocols that relate to the time frame by which a caesarean section must take place (if not scheduled).

8.  Policies, procedures, and protocols relating to anesthesiology response to a call in for surgery, to include, but not limited to, the time in which said anesthesiologist is to respond to a call and arrive in response to a call.

9.  If any person was disciplined or counseled as a result of their response time as it relates to any of the events involving Ashley Pugh's January 2014 hospital stay, provide all documentation of same.

10.  All documents stating or containing the purported, actual, or given reasons that any person was not immediately reached or successfully reached to respond to the call for the caesarian section.

11.  The on call list and schedule for all physicians covering the dates of Mrs. Pugh's 2014 admission.

12.  All Joint Commission and Sentinel Event documentation and/or reporting relating to the events of January 23, 2014 involving Mrs. Pugh and her son, including any Action Plans and Root Cause Analysis.

13.  All Joint Commission documents identifying any deficiencies at Easton Hospital from 2008 to the present.

 

**VILLARI, LENTZ & LYNAM, LLC**

_/s/ Leonard G. Villari_
LEONARD G. VILLARI, ESQUIRE
THOMAS A. LYNAM, III, ESQUIRE
Attorney I.D. Nos.: 68844/83817
100 North 20th Street, Suite 302
Philadelphia, PA 19103
(215) 568-1990 (t)
(215) 568-9920 (f)
lgvillari@aol.com/tlynam@vll-law.com
_Attorneys for Plaintiffs_

Date: July 30, 2020

# EXHIBIT "2"



## VILLARI, LENTZ & LYNAM, LLC

*TRIAL LAWYERS*

LEONARD G. VILLARI*                                                STEPHEN W. BRENNAN
BRYAN R. LENTZ*                                                JOSHUA G. VILLARI
THOMAS A. LYNAM, III *†                                       LAURA M. SIEGLE*

*ALSO ADMITTED TO NJ BAR                                          ALSO ADMITTED TO NJ BAR
† ALSO ADMITTED TO DISTRICT OF COLUMBIA BAR

July 30, 2020

***Via Email Only***
Howard S. Stevens, Esquire
Michael J. Blum, Esquire
Gross McGinley, LLP
33 S. 7th Street
P.O. Box 406
Allentown, PA 18105

> **Re:** ***Sean Pugh, a Minor, et al. v. Easton Hospital, et al.***
> ***USDC for the Eastern District of PA; Docket No.: 20-CV-0630***

Dear Mssrs. Stevens and Blum:

I write to address some deficiencies in the responses your clients provided to Plaintiffs' First Set of Interrogatories and Request for Production of Documents. Please provide supplemental responses and documents within ten (10) days of the date of this letter to avoid motion practice. The deficiencies are set forth below:

## Northampton Hospital Company d/b/a Easton Hospital

**Requests for Production:**

3.      Timesheets/timecards/records (by whatever name they may be called) of hours/shifts worked by physicians, PA's, nurses, LPNs, and all other medical care providers on January 22, 2014 (from 6 PM on) through January 24, 2014 on the particular floor where Plaintiff was staying/admitted.

Defendant's response to this request is inadequate as it only provides a nurse staffing sheet that identifies who was scheduled to work. It does not show who actually appeared for work, the times each person was present, and is also inadequate as it only applies to nursing and does not include doctors, anesthesiology, etc., such as the on-call list for doctor's for the requested time frame. Please provide complete documentation, to include on call schedules and lists.

Howard S. Stevens, Esquire
Michael J. Blum, Esquire
Gross McGinley, LLP
July 30, 2020
Page -2-

4.      To the extent that additional documentation besides that which is provided in response to the preceding interrogatory exists, all documentation showing the hours worked by any doctor, nurse, or staff on the dates of January 23-24, 2014, on Plaintiff's floor, including but not limited to sign-in sheets.  Note that this request seeks information that is separate from any schedule as some scheduled persons may not have appeared for work.

Your objection that this request is vague, ambiguous, overbroad, and unduly burdensome, is baseless.  This request seeks discrete and relevant information: Plaintiffs wish to understand exactly who was working (on Plaintiff's floor only) and are entitled to this information.

5.      Documentation identifying by name and title all individuals who were working on Plaintiff's floor from 3:00 P.M. through 11:59 P.M. on January 23rd.  If there is any printed or posted schedule or calendar for the week, include a copy of the one that included Plaintiff's dates of admission.

Your response, which is a reference to the staffing time sheets is incomplete as this sheet appears to identify nursing only (and does not prove who actually appeared for work- rather it indicates who was scheduled to work).  It does not include all other staff.  For the reasons stated above, your objection to this request is baseless.

6.      The nursing and physician schedules (by whatever name it/they may be called) for January 22 through 24, 2014, for Plaintiff's floor.

Your client did not provide a physician schedule (which would include the on-call list).  If there is a schedule other than the staffing sheet for the nurses, please provide that as well.

9.      All documentation, including but not limited to: rules, bylaws, instructions, plans, policies/procedures/protocols relating to staff to patient ratio, staffing levels, and staffing plans applicable to the floor where Plaintiff was admitted and that was in effect at the time of her 2014 admission.

Please confirm whether any additional policies exist, such as those relating to staffing an OR team for caesarian sections.  Interrogatory 32 also addresses staffing for OR and for caesarian sections; similarly, provide any policies that are responsive and not previously provided.

10.     Any and all documents related to other lawsuits, including court term and number, brought against Defendant over the past ten years, that relate to injuries to newborns occurring at or near the time of delivery.

Howard S. Stevens, Esquire
Michael J. Blum, Esquire
Gross McGinley, LLP
July 30, 2020
Page -3-

Your objection to this request is baseless as this request seeks information that is calculated to lead to the discovery of relevant and admissible evidence.  It is narrowly tailored to a specific type of lawsuit.  Plaintiffs must explore whether the persons working within the hospital were competent to do so and whether the hospital was on notice of the need for any policy making or changing that might have had an impact on the circumstances of this case.

**Requests 20. through 23. are addressed as a group:**

20.    Copies of internal memoranda, inter-office memos, e-mails, computer records, or other documents or communications regarding this claim, made by Defendant and/or any agent and/or employee of Defendant, or Defendant's insurance carrier.

21.    Any and all reports, communications and/or documents prepared by Defendant containing the facts and circumstances and causes of incidents complained of herein.

22.    A copy of any incident report prepared and/or filed by any person as a result of this incident.

23.    Any and all documents and communications containing the names and positions of all individuals who have formally or as medical staff committee reviewed this incident, including a copy of their report.

With respect to requests numbered 20. through 23., these requests include and encompass any Joint Commission and Sentinel Event documents.  No documents were provided, rather objections were lodged.  Please provide a privilege log so we can determine if the asserted objections are valid.

38.    All memoranda, plans, notes of meetings, emails, complaints, corrective plans, and any other documentation regarding any staff shortages or issues experienced at Easton Hospital with respect to having an adequate amount of staff, during the years 2012 through 2014.

Your response stating that "this request is best directed to Northampton Hospital Company" is a typographical error as your client is referring to itself.  If you maintain the objection on the basis of privilege, please provide a privilege log.

**Interrogatories:**

Howard S. Stevens, Esquire
Michael J. Blum, Esquire
Gross McGinley, LLP
July 30, 2020
Page -4-

4.      Was there a sufficient amount of staff available to perform a caesarian section on Plaintiff on January 23, 2014 (while having sufficient staff to care for the remaining patients on the floor)?  If your response is yes, **identify all persons available to perform said procedure by name, job title, assigned duty/position that date, and hours worked on that particular date.  Please include the timesheets/records for each person (as requested in the document requests).**

Defendant failed to fully respond to this interrogatory, only providing a "yes" answer without providing the rest of the requested information.

7.      List all staff (by name, title, employer, and hours worked) working on Plaintiff's floor (the floor on which Plaintiff was receiving care at the hospital) from 6:00 PM on January 23rd through 1:00 AM on January 24th.

Similarly, this response was deficient as a mere reference to the staffing sheet does not provide a complete picture of all providers and the actual hours that they worked during the time period in question.

8.      State all disciplinary actions (including warnings or write ups) for each person identified in the previous responses.  This is all disciplinary action, from any day and for any reason/regardless of the nature of said action, and for all dates through February 28, 2014.

Your objection to providing any information in response to this interrogatory is baseless. Disciplinary action against involved individuals may demonstrate the person's incompetence to perform their duties which may be relevant to the events of Ashley Pugh's pregnancy.  It may reveal notice to the Hospital that one of its providers was incompetent.

## Northampton Clinic Company

**Requests for Production:**

10.      Any and all documents related to other lawsuits, including court term and number, brought against Defendant over the past ten years, that relate to injuries to newborns occurring at or near the time of delivery.  Plaintiffs must explore whether the persons working within the hospital were competent to do so and whether the hospital was on notice of the need for any policy making or changing that might have had an impact on the circumstances of this case.

Howard S. Stevens, Esquire
Michael J. Blum, Esquire
Gross McGinley, LLP
July 30, 2020
Page -5-

Your objection to this request is baseless as this request seeks information that is calculated to lead to the discovery of relevant and admissible evidence. It is narrowly tailored to a specific type of lawsuit.

**Requests 20. through 23. are addressed as a group:**

20.    Copies of internal memoranda, inter-office memos, e-mails, computer records, or other documents or communications regarding this claim, made by Defendant and/or any agent and/or employee of Defendant, or Defendant's insurance carrier.

21.    Any and all reports, communications and/or documents prepared by Defendant containing the facts and circumstances and causes of incidents complained of herein.

22.    A copy of any incident report prepared and/or filed by any person as a result of this incident.

23.    Any and all documents and communications containing the names and positions of all individuals who have formally or as medical staff committee reviewed this incident, including a copy of their report.

With respect to requests numbered 20. through 23., these requests include and encompass any Joint Commission and Sentinel Event documents. No documents were provided, rather objections were lodged. Please provide a privilege log so we can determine if the asserted objections are valid.

Please do not hesitate to contact our office if you wish to discuss these deficiencies in any detail. I look forward to your prompt response.

Very truly yours,

*Thomas A. Lynam*

THOMAS A. LYNAM, III

TAL/ls
Cc:    Gregory S. Nesbitt, Esquire (*via email only*)

# EXHIBIT "3"

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHLEY PUGH AND DAVID PUGH, : <br> INDIVIDUALLY, AND AS PARENTS : <br> AND NATURAL GUARDIANS OF SEAN : <br> PUGH, A MINOR, : <br>      Plaintiffs, : <br> : <br>      v. : <br> : <br> COMMUNITY HEALTH SYSTEMS, : <br> INC., *et al.*, : <br>      Defendants. : | Civil No. 5:20-cv-00630-TRR |

## ORDER

**AND NOW**, on September 17, 2020, it is ORDERED that Plaintiffs' Motion to Compel Discovery Answers of Defendants Northampton Hospital Company and Northampton Clinic Company (doc. 40) is GRANTED in part and DENIED in part.

1. Defendants shall continue to communicate with St. Luke's University Hospital Network to obtain the discovery requested by Plaintiffs and respond to Plaintiffs' outstanding discovery requests by November 2, 2020.

2. To the extent that documents can no longer be obtained or found, Defendants shall certify that they have been unable to locate such documents despite their best efforts.

3. To the extent that Defendants believe documents are privileged pursuant to the MCARE Act, they shall produce a privileged log by November 2, 2020.

BY THE COURT:


/s/ Timothy R. Rice
TIMOTHY R. RICE
U.S. MAGISTRATE JUDGE

# EXHIBIT "4"

**Laura Siegle**

| | |
|---|---|
| **From:** | Michael J. Blum <MBlum@grossmcginley.com> |
| **Sent:** | Wednesday, December 23, 2020 1:16 PM |
| **To:** | Laura Siegle |
| **Subject:** | RE: Pugh vs Easton - Discovery |

Hi Laura,

Working from home right now. I can give you a more thorough answer when I have a little more time, but the quick answer is that St. Luke's, present owner of the hospital facility, claims they have no ability to obtain the documents requested.  I tried several angles to no success.

**Michael J. Blum**
*Attorney at Law*
GROSS MCGINLEY, LLP

**From:** Laura Siegle <lsiegle@vll-law.com>
**Sent:** Wednesday, December 23, 2020 12:37 PM
**To:** Michael J. Blum <MBlum@grossmcginley.com>
**Subject:** RE: Pugh vs Easton - Discovery

**CAUTION:  External Email**

Hello-

I just let you a voicemail.  I believe we sent a deficiency letter in July- and Judge Rice entered an Order in September requiring the outstanding discovery to be answered by November 2nd.  I don't think it has?

Assuming we haven't overlooked it, please know that we have no choice but to seek Court intervention again on the issue.  We certainly don't want to- so could you just please get us the responses and documents within 10 days to avoid that?  My apologies in advance if you did in fact provide them and we misplaced them.

Thanks and enjoy the holidays!

Laura Siegle, Esq.
Villari, Lentz & Lynam, LLC
100 N. 20th Street
Suite 302
Philadelphia, PA 19103
Phone: (215) 568-1990
Fax: (215) 568-9920
E-Mail: LSiegle@vll-law.com
Web Site: www.vll-law.com

CONFIDENTIALITY NOTICE: This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged. This message, together with any attachments, is intended only for the addressee. It may contain information which is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, use, or any action or reliance on this communication is strictly prohibited. If you have received this e-mail in error, please notify the sender immediately by telephone at (215) 568-1990 or by return e-mail and delete the message, along with any attachments.